# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CURTIS E. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case no. 4:10cv0526 TCM |
| | ) |
| IAN WALLACE and | ) |
| CHRIS KOSTER, Attorney General of the | ) |
| State of Missouri, | ) |
| | ) |
| Respondents.[1] | ) |

## MEMORANDUM AND ORDER

Curtis E. Robinson (Petitioner), a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a 2006 conviction following a jury trial. See 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge for review and final disposition of the petition.[2]

---

[1] The record reveals that Petitioner is incarcerated at the Southeast Correctional Center (SECC), where Ian Wallace is now the Warden. Therefore, the Court will substitute Wallace for the originally named Respondent, Troy Steele, who was the Warden of the SECC at the time Petitioner filed this federal habeas action. See Rule 2 (a), Rules Governing Section 2254 Cases in the United States District Courts.

Additionally, Petitioner is serving consecutive terms of imprisonment as a result of the judgment he is now challenging. Therefore, it is necessary to name the Attorney General of Missouri, Chris Koster, as a respondent, because in this habeas proceeding Petitioner is challenging a sentence he will serve in the future. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

Petitioner's federal habeas petition presents four grounds for relief: Petitioner was denied the effective assistance of counsel, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments, due to Petitioner's trial attorney's failure to prepare for trial (ground one); the trial court erred when it failed to sustain Petitioner's motion to suppress evidence seized in Illinois during the investigation of a separate crime (ground two); the post-conviction motion court[3] erred in failing to issue conclusions of law regarding the "question of law" whether Missouri police officers could conduct searches in Illinois (ground three); and Petitioner's counsel on direct appeal provided ineffective assistance in failing to raise the question whether the evidence seized by Missouri police officers under an Illinois search warrant was admissible in Missouri court proceedings (ground four). Attached to Petitioner's petition are 287 pages of exhibits, consisting of:

-- Exhibit 2, a one page "Supplement to Case Number 2003-04070," dated March 26, 2003, at 4:25 p.m., regarding the search of a specified apartment in Alton, Illinois [Doc. 1-1 at 1];

-- Exhibit 3, consisting of a one page "Supplement to Case Number 2003-04070," dated March 25, 2003, at 1:00 p.m., regarding the drafting and subsequent authorization of

_____

[3] While this ground states that the "trial court erred" in refusing to issue conclusions of law regarding whether Missouri officers could conduct searches in Illinois (see the statements of ground three in Pet'r Pet.[Doc. 1 at 8 and 22]), Petitioner's argument supporting this ground clearly focuses on the allegations in his post-conviction motion and the motion court's alleged failure or refusal to address the question (see argument pertaining to ground three in Pet'r Pet [Doc. 1 at 22 and 25]). Respondents construed this ground as challenging the motion court's failure or refusal to issue a finding about the admissibility of the evidence seized in Illinois. (Resp'ts Response at 1 and 13-14 [Doc. 12 at 1 and 13-14].) Under the circumstances, the Court understands this ground challenges an alleged error by the motion court, rather than by the trial court.

a complaint for a search warrant at the apartment in Alton, Illinois, as well as a copy of the two-page Complaint for Search Warrant, one-page of the Search Warrant, and a three-page Affidavit [Doc. 1-1 at 2-8];

-- Exhibit 5, consisting of pages 5-7 of the transcript of Petitioner's trial [Doc. 1-1 at 9];

-- Exhibit 8, consisting of a two-page letter, dated July 27, 2006, from Petitioner to his counsel on direct appeal, Nancy McKerrow, in Columbia, Missouri [Doc. 1-1 at 10-11];

-- Exhibit 9, consisting of a four-page letter, dated August 23, 2006, from Petitioner to his counsel on direct appeal [Doc. 1-1 at 12-15] and a three-page letter, dated August 24, 2006, from Petitioner to his direct appeal attorney [Doc. 1-1 at 16-18];

-- Exhibit A, consisting of the two-page Index in Petitioner's post-conviction proceeding legal file, as well as the one-hundred-and-thirty-nine page post-conviction proceeding legal file [Doc. 1-1 at 19-159];[4]

-- Exhibit B, consisting of a copy of the brief Petitioner filed in his post-conviction appeal, including the three attachments to the brief [Doc. 1-1 at 160-217];

-- Exhibit C, consisting of a copy of the fifty-page transcript of the evidentiary hearing held in Petitioner's post-conviction proceeding [Doc. 1-1 at 218-67];

-- Exhibit D, consisting of a copy of the Missouri Court of Appeals' Order and Memorandum Supplementing Order Affirming Judgment Pursuant to Missouri Supreme

---

[4] The page after page 139 of Petitioner's Exhibit A is a blank page [Doc. 1-1 at 160].

Court Rule 84.16(b), dated October 20, 2009 [Doc. 1-1 at 268-75, with page 269 being blank], which was filed in Petitioner's post-conviction appeal; and

-- Exhibit E, consisting of a copy of the Missouri Court of Appeals' Order and Memorandum Supplementing Order Affirming Judgment Pursuant to Missouri Supreme Court Rule 30.25(b), dated February 6, 2007, which was filed in Petitioner's direct appeal [Doc. 1-1 at 276-87].

Respondents filed a response [Doc. 12], including thirteen exhibits, consisting of materials from the records of Petitioner's state court criminal case and Petitioner's post-conviction proceeding. These materials include Petitioner's Exhibits A, B, C, D, and E, which Respondents filed as Exhibits K, I, L, M, and H, respectively. Additionally, Petitioner's Exhibit 2 attached to his federal habeas petition is part of the Legal File filed as Respondents' Exhibit D, more specifically, Petitioner's Exhibit 2 is at page 37 of Respondents' Exhibit D; the Complaint for Search Warrant and the one page of the Search Warrant in Petitioner's Exhibit 3 is part of the Legal File filed as Respondents' Exhibit D, more specifically, those portions of Petitioner's Exhibit 3 are at pages 39 to 41 of Respondents' Exhibit D; and Petitioner's Ex. 5 is part of the Trial Transcript filed as Respondents' Exhibit G.

Because the Search Warrant in Petitioner's Exhibit 3 is not a complete copy, and for ease of reference, the Court will refer to Respondents' Exhibits when addressing parts of the records in Petitioner's state trial court and state post-conviction motion proceedings. Some of the materials attached as exhibits to Petitioner's federal habeas petition are not, however, part of the record available through Respondents' exhibits. Those materials are the

supplement and three-page affidavit in Petitioner's Exhibit 3, as well as the letters Petitioner

wrote to his attorney on direct appeal that are marked Petitioner's Exhibits 8 and 9.

Respondents have not presented objections or other challenges to those materials, and the

Court will, therefore, consider those materials, as well as the materials from the state court

records, to the extent necessary to resolve the issues in this federal habeas proceeding.

Having carefully considered the record and finding that the four grounds for relief are

procedurally barred, this Court will deny the petition without further proceedings.

### **Background**

Petitioner was charged, as a prior offender, with various offenses involving T.G.

("Victim") and occurring in St. Louis County, Missouri between 11:00 p.m. on March 14,

2003, and 12:30 a.m. on March 15, 2003. (Information in lieu of Indictment, Legal File,

Resp'ts Ex. D, at 7-14.) Specifically, Petitioner was charged with one count of kidnapping

in violation of Mo. Rev. Stat. § 565.110 (count 1), four counts of forcible sodomy in violation

of Mo. Rev. Stat. § 566.060 (counts 3, 5, 7, and 9), one count of first-degree robbery in

violation of Mo. Rev. Stat. § 569.020 (count 11), and six counts of armed criminal action

related to each of the other counts (counts 2, 4, 6, 8, 10, and 12). (Id.)

Prior to trial, Petitioner filed, among other motions, a motion to suppress evidence

challenging the seizure of evidence in Illinois (Pet'r Mots. Suppress Physical Evidence, Legal

File, Resp'ts Ex. D at 56-57). After an evidentiary hearing (Mot. Hr'g Tr., dated Aug. 9, 2005,

Resp'ts Ex. F), the trial court denied without explanation Petitioner's motion to suppress

evidence.  (Order, dated Aug. 18, 2005, Legal File, Resp'ts Ex. D, at 59, as clarified before trial began, see Trial Tr., Resp'ts Ex. G, at 11-12).

On the first day of trial, before voir dire began, Petitioner's counsel unsuccessfully sought a continuance due to her self-reported lack of preparation.  (Trial Tr., Resp'ts Ex. G, at 5-9.)

During trial, the State presented testimony about the search efforts in Illinois that resulted in the seizure of certain evidence introduced at Petitioner's trial, and introduced some of the evidence seized during those search efforts.  (See, e.g., Testimony of Scott Golike, Trial Tr., Resp'ts Ex. G, at 483-98; Testimony of Carl Walker, Trial Tr., Resp'ts Ex. G, at 538-603;Trial Tr., Resp'ts Ex. G, at 491, 558-62.)

The jury found Petitioner guilty of each of the charged offenses.  (Verdicts, Legal File, Resp'ts Ex. D, at 116-27.)  The trial court found Petitioner was a prior offender (Findings of Fact, dated Nov. 1, 2005, Legal File, Resp'ts Ex. D, at 91),[5] and denied his motion for judgment of acquittal and motion for new trial (Pet'r Mot., Legal File, Resp'ts Ex. D, at 128-35).  In relevant part, that motion sought relief on the basis

> [t]he [trial] court erred to the prejudice of [Petitioner] in overruling [Petitioner]'s motion to suppress evidence seized in the search of [Petitioner]'s residence in Alton, Illinois, especially with respect to the brown boots and the

_____

[5] The original written sentence and judgment indicates that the trial court also found Petitioner to be a "dangerous offender" under Mo. Rev. Stat. § 558.016.  (See first page of original Sentence and J., dated Feb. 2, 2006, Legal File, Resp'ts Ex. D, at 136.)  This sentence and judgment was subsequently corrected and amended to delete that finding.  (See page 8 of the post-conviction motion court's Findings of Fact, Conclusions of Law, and Judgment, dated Sept. 12, 2008, Post-Conviction Mot. Legal File, Resp'ts Ex. K, at 133.)  Therefore, the Court understands Petitioner is not a "dangerous offender" for purposes of this proceeding.

work gloves which [V]ictim identified as similar to the boots and the gloves worn by the assailant. The [trial] court's ruling deprived [Petitioner] of his right to due process of law and to a fair trial under the Fourth, Fifth, Sixth[,] and Fourteenth Amendments to the United States Constitution.

(Id. at 133-34.)

The trial court subsequently sentenced Petitioner to the following terms of imprisonment: fifteen years for the one kidnapping offense, life for each of the four forcible sodomy offenses, thirty years for the one first-degree robbery offense, and thirty years on each of the six armed criminal action offenses. (Sentence and J., dated Feb. 2, 2006, Legal File, Resp'ts Ex. D, at 136-43.) In that sentencing, the trial court specified that each of the life sentences for the four forcible sodomy offenses ran concurrent with each other and consecutive to all other sentences, including any sentence Petitioner was then serving; and that the sentences for each of the other eight offenses ran concurrent to each other. (Id.)

In his direct appeal, which was filed on February 14, 2006, Petitioner presented three points. First, Petitioner argued his right to due process under the Fourteenth Amendment was violated in that there was insufficient evidence to support the forcible sodomy offense charged in count nine, and therefore, both that offense and its related armed criminal action offense charged in count ten, which requires a conviction of the related offense, must be reversed. (Pet'r Br., Resp'ts Ex. A at 20, 24.) In his second point, Petitioner urged that his right to due process as guaranteed by the Fourteenth Amendment was violated because the first-degree robbery offense charged in count eleven was based on Petitioner forcibly stealing a Honda Accord from Victim, while the verdict director for that offense, instruction no. 16, stated the

jury could find Petitioner guilty "if it believed beyond a reasonable doubt that [Petitioner] took U.S. currency" from Victim while threatening to use physical force. (Id. at 21, 32.) For his third and final point, Petitioner contended that his right to equal protection as guaranteed by the Fourteenth Amendment was violated by the prosecutor's use of peremptory strikes to remove two venirepersons. (Id. at 23, 41.)

The Missouri Court of Appeals for the Eastern District affirmed the conviction and sentence in a summary order, supplemented by a memorandum, sent only to the parties, setting forth the reasons for the decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), dated Feb. 6, 2007, Resp'ts Ex. H.) On April 6, 2007, the state appellate court issued its mandate in the direct appeal. (See docket sheet for State v. Robinson, No. ED 87658 (Mo. Ct. App. filed Feb. 14, 2006) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Mar. 26, 2013)). Petitioner did not seek further review of the affirmance of his conviction. (Id.)

Petitioner filed a timely pro se motion seeking post-conviction relief under Missouri Supreme Court Rule 29.15 and requesting an evidentiary hearing ("post-conviction motion"). In numerous claims in that motion, Petitioner sought relief for the ineffective assistance of his attorneys in proceedings before the trial court and the appellate court on direct appeal. (Pet'r Pro Se Post-Conviction Mot., Post-Conviction Mot. Legal File, Resp'ts Ex. K, at 4-44 and 49.) Petitioner subsequently filed, through appointed counsel, an amended post-conviction motion, which contained several claims of the ineffective assistance of Petitioner's trial attorney and a request for an evidentiary hearing, and stated Petitioner's pro se post-

conviction motion was attached.[6]  (Pet'r Am. Post- Conviction Mot., Post-Conviction Legal File, Resp'ts Ex. K, at 51-90.)

After an evidentiary hearing (Post-Conviction Hr'g Tr., Resp'ts Ex. L), the post-conviction motion court denied all of Petitioner's claims that his trial attorney and his attorney on direct appeal provided ineffective assistance of counsel.  (Post-Conviction Mot. J., Post-Conviction Mot. Legal File, Resp'ts Ex. K, at 126-33.)

Petitioner presented two points in his post-conviction appeal, which was filed on October 16, 2008.  (Pet'r Br., Resp'ts Ex. I.)  In his first point, Petitioner urged his rights to due process, to the effective assistance of counsel, and to a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments, were violated by the post-conviction motion court's failure to find Petitioner's trial attorney provided ineffective assistance in failing to move to strike Officer Carl Walker's opinion testimony that Victim was telling the truth.  (Id. at 15 and 19.)  For his second and final point, Petitioner argued that his rights to due process, to effective assistance of counsel, to be tried only on the charged offenses, and to a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments, were violated by the post-conviction motion court's failure to find Petitioner's trial attorney provided ineffective assistance in failing to request an MAI-CR3d 310.10 instruction.  (Id. at 17-18 and 29.)

---

[6]  In his amended post-conviction motion, Petitioner also successfully sought a nunc pro tunc order to delete from the original sentence and judgment the erroneous designation of Petitioner as a "dangerous offender."  (See Pet'r Am. Post- Conviction Mot., Post-Conviction Mot. Legal File, Resp'ts Ex. K, at 53-58; Post-Conviction Mot. J., Post-Conviction Mot. Legal File, Resp'ts Ex. K,  at 133.)

The Missouri Court of Appeals for the Eastern District affirmed the denial of Petitioner's post-conviction motion in a summary order, supplemented by a memorandum, sent only to the parties, setting forth the reasons for the decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Oct. 20, 2009, Resp'ts Ex. M.) The state appellate court issued its mandate on November 13, 2009. (See docket sheet for Robinson v. Missouri, No. ED92094 (Mo. Ct. App. filed Oct. 16, 2008) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Mar. 26, 2013)).

Petitioner then filed his timely federal habeas petition [Doc. 1], presenting the four grounds for relief mentioned earlier.

Respondents contend that the petition should be denied because all of the claims are procedurally barred. Alternatively, Respondents argue the claims are non-cognizable, without merit, or both.

The Court will address Respondents' procedural argument first.

**Discussion**

Procedural bar. In his four grounds for relief, Petitioner's contends his trial attorney provided ineffective assistance due to her lack of preparation for trial (ground one), the trial court erred in failing to suppress the evidence seized in Illinois (ground two), the post-conviction motion court erred by not issuing a finding on the admissibility of the evidence seized in Illinois (ground three), and Petitioner's attorney on direct appeal provided ineffective

assistance by failing to argue that the evidence seized in Illinois was inadmissible (ground four).

Respondents argue that Petitioner's claims are procedurally barred, and may not be considered on their merits, because Petitioner did not pursue them in either his direct appeal or his post-conviction appeal.

To support his position that the Court should consider these grounds on their merits, Petitioner reports that his direct appeal counsel failed to raise on direct appeal a challenge to the admissibility of the evidence seized in Illinois (ground two) and that his attorney for the post-conviction appeal failed to raise any of these four issues during the post-conviction appeal.

It is well established that "[t]o be eligible for federal habeas corpus relief, a state prisoner must first exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." **Carney v. Fabian**, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal quotation marks omitted) (quoting Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006)); see also **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). Absent a showing of cause and prejudice, a federal habeas court may not reach the merits of "procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." **Sawyer v. Whitley**, 505 U.S. 333, 338 (1992).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re J.M.N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001). Alleged trial court errors, including constitutional claims of trial court

error, must be raised on direct appeal; for "[p]ost-conviction motions cannot be used as a substitute for direct appeal or to obtain a second appellate review." **State v. Clark**, 859 S.W.2d 782, 789 (Mo. Ct. App. 1993); accord **State v. Twenter**, 818 S.W.2d 628, 636 (Mo. 1991) (en banc) (a post-conviction proceeding "is not a substitute for direct appeal, and matters that properly should have been raised by direct appeal may not be litigated in a post-conviction proceeding"). "If the allegations of trial error are constitutional violations, they are not cognizable [in a post-conviction proceeding] unless exceptional circumstances are shown which justify not raising the constitutional grounds on direct appeal." **Clark**, 859 S.W.2d at 789; accord **Amrine v. State**, 785 S.W.2d 531, 536 (Mo. 1990) (en banc); **Allen v. State**, 903 S.W.2d 246, 247 (Mo. Ct. App. 1995). Therefore, if a trial court's alleged violation of the constitution is not raised on direct appeal, the claim is defaulted absent exceptional circumstances justifying the failure to raise the errors on direct appeal, and then the matter may be pursued in a post-conviction proceeding.

Petitioner did not pursue his second ground, based on alleged trial court error in the denial of his motion to suppress, on direct appeal. Therefore, that claim is procedurally defaulted, unless it could have been and was presented in the post-conviction proceeding based on exceptional circumstances justifying the failure to pursue it on direct appeal.

In Missouri, in addition to allowing pursuit of an allegedly unconstitutional trial court error that falls within the "exceptional circumstances" exception to raising such an error on direct appeal, a post-conviction motion proceeding is the exclusive procedure for pursuing in state court any ineffective assistance of counsel claim; a motion court's decision on such

motions are subject to appeal; and successive post-conviction motions are not permitted. Mo.

S. Ct. Rule 29.15(a), 29.15(k); 29.15(l); **Moore-El v. Luebbers**, 446 F.3d 890, 896 (8th Cir.

2006). Claims that should have been but were not presented in a post-conviction motion or

on appeal from a denial of a post-conviction motion are procedurally defaulted and may not

be considered in a federal habeas proceeding. See **Interiano v. Dormire**, 471 F.3d 854, 856

(8th Cir. 2006) (finding that claims not presented in an amended Rule 29.15 post-conviction

motion or appeal from the denial of that motion are procedurally defaulted).

To the extent he could have pursued the alleged trial court error in ground two in his

post-conviction proceeding, that claim is procedurally defaulted in that it was not presented

in either his original or his amended post-conviction motion and was not presented in his post-

conviction appeal.

Petitioner's two ineffective assistance of counsel claims (regarding his trial attorney

and the attorney representing him on direct appeal) in grounds one and four were presented

in his pro se post-conviction motion, which was attached to the amended post-conviction

motion, and were denied by the motion court. Specifically, the motion court stated:

> [Petitioner] argues trial counsel was ineffective by failing to be prepared for
> trial . . . . However, a review of the transcript indicates trial counsel did an
> effective job at trial. Specifically, trial counsel was effectively able to cross-
> examine the State's witnesses as well as present alibi witnesses. Furthermore,
> trial counsel made a very effective closing argument. . . . As a result,
> [Petitioner] is not entitled to post[-]conviction relief pertaining to this matter.
>
> [Petitioner] claims appellate counsel was ineffective by failing to argue certain
> points on appeal. A review of the appellate record shows appellate counsel did
> make viable arguments to the appellate court. [Petitioner] is not entitled to
> post[-]conviction relief pertaining to this point.

The evidence presented by the prosecution against [Petitioner] was overwhelming. [V]ictim identified [Petitioner] in both a live and photo line-up. Cell phone records of [Petitioner]'s phone place the phone in the vicinity of the crime. [Petitioner]'s sister told police that [Petitioner] was using her car the night of the crime. [V]ictim identified the sister's car as the car used by [Petitioner]. Also, [Petitioner]'s former girlfriend and her daughter testified [Petitioner] used to drop the daughter off [at] the exact location where [V]ictim was sodomized.

[Petitioner]'s testimony at trial and at his post[-]conviction relief hearing was not credible.

[Petitioner] was in no way prejudiced by any of trial or appellate counsel's actions.

### ORDER, JUDGMENT AND DECREE OF COURT

. . . [Other than granting the post-conviction motion only so as to amend the sentence and judgment to delete the "dangerous offender" finding," Petitioner]'s [Post-Conviction] Motion . . . . is . . . denied.

(Post-Conviction Motion Court's Judgment ¶¶ 5 and 11-14, Resp'ts Ex. K at 131-33.) Neither

of these two ineffective assistance of counsel claims, however, were pursued in Petitioner's

post-conviction appeal. Accordingly, they are also procedurally defaulted.

Petitioner's remaining ground for relief challenges the motion court's alleged failure

to enter conclusions specifically addressing whether Missouri officers could conduct a search

in Illinois (ground three). Petitioner should have pursued that challenge in the post-conviction

appeal from the motion court's decision, but this issue was not one of the points raised in that

appeal. Therefore, this ground for relief is also procedurally defaulted.

"Unless a habeas petitioner shows cause and prejudice or that he is actually innocent

of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted

claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007); see also **Sawyer**, 505 U.S. at 338. "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" **Greer v. Minnesota**, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). There is no exhaustive catalog of the objective impediments, nor have the precise contours of the cause requirement been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). What has been established is that a "fail[ure] to recognize the factual or legal basis for a claim, or [a] fail[ure] to raise [a] claim despite recognizing it, does not constitute cause for a procedural default." **Murray**, 477 U.S. at 486.

Petitioner argues that cause for the failure to pursue his four grounds for relief in the post-conviction appeal is demonstrated by his post-conviction counsel's failure to include them in that appeal. In **Coleman v. Thompson**, 501 U.S. 722 (1991), the United States Supreme Court ruled that the ineffective assistance of post-conviction counsel cannot constitute cause for a procedural default because there is no constitutional right to an attorney in state post-conviction proceedings. **Id.** at 752-55. More recently, the Supreme Court found that ineffective assistance of post-conviction counsel may constitute "cause" for a procedural default in very limited circumstances. **Martinez v. Ryan**, 132 S. Ct. 1309 (2012). The fact that Petitioner's counsel failed to present the claims in the post-conviction appeal, however,

cannot constitute cause for the procedural default of those claims under **Martinez**.  The

Supreme Court specifically stated that its holding

> does not concern attorney errors in other kinds of proceedings, <u>including
> appeals from initial-review collateral proceedings</u>. . . .  It does not extend to
> attorney errors in any proceeding beyond the first occasion the State allows a
> prisoner to raise a claim of ineffective assistance at trial, even though that
> initial-review collateral proceeding may be deficient for other reasons.

**Id.** at 1320 (emphasis added).  Therefore, any error by Petitioner's attorney in the post-

conviction appeal proceeding may not constitute cause to excuse a procedural default.

**Arnold v. Dormire**, 675 F.3d 1082, 1087 (8th Cir. 2012).

Because no cause has been established for Petitioner's procedural default with respect

to any of his four grounds for relief, it is unnecessary to consider whether he has demonstrated

prejudice.  **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

Petitioner's defaulted grounds may be reached absent a showing of cause and prejudice

if he establishes that a failure to consider the claims' merits will result in a fundamental

miscarriage of justice.  "Procedurally barring a claim that establishes actual innocence is

considered a fundamental miscarriage of justice."  **Cox v. Burger**, 398 F.3d 1025, 1031 (8th

Cir. 2005).  A showing of actual innocence requires new evidence and a "show[ing] that 'it

is more likely than not that no reasonable juror would have convicted him in light of th[at]

new evidence.'"  **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting <u>Schlup v.

Delo</u>, 513 U.S. 298, 327 (1995)); <u>accord</u> **House v. Bell**, 547 U.S. 518, 536-39 (2006) (<u>Schlup</u>

standard applies to determine whether defaulted claims in a first federal habeas petition

should be considered based on actual innocence).  "'Without any new evidence of innocence,

even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists. Therefore, all of his grounds for relief are procedurally barred and this Court will not consider those claims on their merits.

### Conclusion

After careful consideration of Petitioner's four grounds for relief and the available record, the Court will deny Petitioner's federal habeas petition upon finding all of Petitioner's claims are procedurally defaulted and may not be considered on their merits. Accordingly,

**IT IS HEREBY ORDERED** that Ian Wallace is **SUBSTITUTED** for Troy Steele as a Respondent in this federal habeas proceeding.

**IT IS FURTHER ORDERED** that Chris Koster, Attorney General of the State of Missouri, is **ADDED** as a Respondent in this federal habeas proceeding.

**IT IS FURTHER ORDERED** that the 28 U.S.C. § 2254 petition of Curtis E. Robinson is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of March, 2013.